IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| JOHN WESLEY PENNESTON, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:19-CV-719-O |
| § | (NO. 4:17-CR-168-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Came on for consideration the motion of John Wesley Penneston, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the government's response,[1] the reply, the record, including the record in the underlying criminal case, No 4:17-CR-168-O, styled "United States v. Van Darwin Novak, et al.," and applicable authorities, finds that the motion should be dismissed as untimely.

**I. BACKGROUND**

The record in the underlying criminal case reflects the following:

On September 20, 2017, movant was named with others in a one-count information charging him with conspiracy to possess with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR Doc.[2] 61. Movant and his counsel signed a waiver of indictment. CR Doc. 67. They also signed a factual resume setting forth the penalties movant faced, the elements of the offense, and the stipulated facts establishing that movant had committed the offense charged. CR Doc. 68.

---

[1] The response is titled "Motion to Dismiss Section 2255 Motion as Untimely Filed."
[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:17-CR-168-O.

And, they signed a consent to administration of guilty plea and allocution by United States Magistrate Judge. CR Doc. 79. On September 27, 2017, movant entered his plea of guilty, CR Doc. 78, and the magistrate judge issued a report and recommendation that the guilty plea was knowing and voluntary and should be accepted. CR Doc. 80. Movant did not object and the Court accepted the report and recommendation. CR Doc. 83.

The probation officer prepared the presentence report ("PSR"), which reflected that movant's base offense level was 34. CR Doc. 84, ¶ 24. Based on his total offense level of 34 and a criminal history category of IV, his guideline imprisonment range was 210 months to 262 months. *Id.* ¶ 75. The government objected to the PSR because it did not include a two-level adjustment for possession of a firearm. CR Doc. 85. Movant objected that he should receive a two-level reduction for acceptance of responsibility and contested the government's proposed increase. CR Doc. 103. The probation officer prepared an addendum to the PSR, accepting the government's objection and rejecting movant's objections. CR Doc. 110. With the two-level increase for possession of a firearm, movant's guideline range became 324 months to 405 months. *Id.* at 3.

The Court, granting a downward variance, sentenced movant to a term of imprisonment of 240 months. CR Doc. 121. Movant did not appeal.

## II.  GROUNDS OF THE MOTION

Movant asserts four grounds, all based on alleged ineffective assistance of counsel. Doc.[3] 1. He says that counsel was ineffective in (1) failing to file a notice of appeal, *id.* at 4, (2) failing to inform movant of the consequences of his guilty plea, *id.* at 5, (3) failing to adequately object

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

to guidelines and calculations, *id.* at 7, and (4) failing to properly represent movant in plea negotiations. *Id.* at 8.

### III. TIMELINESS OF THE MOTION

A one-year period of limitation applies to motions under § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

Here, judgment was entered February 15, 2018. Movant's conviction and sentence became final on March 1, 2018. Fed. R. App. P. 4(b)(1)(A). Movant did not submit his § 2255 motion for filing until September 3, 2019.[4] In the "timeliness of motion" section of the form he used, movant simply says that "timeliness has been compromised due to ineffective counsel failing to file an appeal." Doc. 1 at 11. In his reply, he says that he and his family attempted numerous times to contact his counsel but were unsuccessful. Doc. 9.

---

[4] The motion reflects that it was signed on September 2, 2019, and placed in the prison mailing system on September 3, 2019. Doc. 1 at 12.

The doctrine of equitable tolling is applied only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Movant must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002). Movant's lack of legal acumen and unfamiliarity with legal process is not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). In this case, movant has not shown that he is entitled to equitable tolling. He has not shown that he was diligently pursuing his rights and that some extraordinary circumstance prevented the timely filing of his motion. For example, he does not allege that his counsel or the government or the Court itself actively misled him in any way. Prisoners routinely inquire about the status of their cases and receive copies of docket sheets. In this case, movant did not make that inquiry until after his judgment had been final for more than one year. CR Doc. 145.

### IV. CONCLUSION

For the reasons discussed herein, movant's motion is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 1st day of February, 2021.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**